TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00205-CR






The State of Texas, Appellant


v.


Roy Guzman, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY

NO. 705339, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N


 I respectfully dissent. I agree with the State that, at the very least, Officer Scherbek
had reasonable suspicion that Guzman had violated section 545.351 of the transportation code. See
Tex. Transp. Code Ann. § 545.351(a) (West 1999) ("An operator may not drive at a speed greater
than is reasonable and prudent under the circumstances then existing."), (c)(1) ("An operator
shall . . . drive at an appropriate reduced speed if . . . the operator is approaching and crossing an
intersection . . . ."). 

 The trial court found that (1) at approximately 11:50 p.m. on Friday, July 1, 2005,
Guzman was stopped at a red light at the intersection of East Cesar Chavez Street and the Interstate
35 frontage road; (2) Guzman was second in line at the light, with Officer Scherbek stopped in line
immediately behind him; (3) as the light turned green, Guzman's right rear tire spun "for
approximately three to six seconds" as he accelerated from being stopped; (4) to an extent that "the
spinning motion of the tire cause[d] the tire to smoke and it caused the right rear tire to appear
shiny." Officer Scherbek testified without dispute that the intersection where these events occurred
was busy and crowded--Guzman was stopped in the left-most of two lanes on East Cesar Chavez,
with cars in front of him, behind him, alongside him on the right heading the same direction, and
approaching from across the intersection in the oncoming lanes to his left. In such a setting, as
the trial court found, Guzman nonetheless accelerated from a stop in a manner causing his a rear tire
to spin (a sign of losing traction and control, as the majority acknowledges) for "approximately three
to six seconds," to an extent that the tire smoked and appeared shiny. In these circumstances,
I would hold that Officer Scherbek could have reasonably suspected that Guzman was driving at
an unreasonable, imprudent, and inappropriate speed amid a crowd of other motorists at a busy
intersection.

 As this ground would alone be decisive of Guzman's motion to suppress, I express
no opinion regarding the State's remaining issues, other than to observe that the majority's analysis
may suggest cause for the legislature to revisit whether its 2003 amendments to transportation code
section 545.420 clearly and accurately reflect its intent.



__________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed: August 8, 2007

Publish